# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **Ralph Valderrama,** individually and on behalf of all persons similarly situated persons working for Defendants as a Class representative for the members of a Collective as permitted under the Fair Labor Standards Act; <br><br> **Plaintiff,** <br> vs. <br><br> **Isola Imports, Inc.,** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) CASE NO 22 CV 2417 <br> ) District Judge: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **Honorable** <br> **)** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

NOW COMES before this Honorable Court, Plaintiff, **Ralph Valderrama** ("Plaintiff"), by his attorney THE LAW OFFICE OF JOHN IRELAND, for his Complaint against the Defendant **Isola Imports, Inc.,**., (hereinafter referred to as "Isola") and alleges as follows:

## NATURE OF ACTION AND PARTIES

*1.* This civil action is brought by the above-named individual plaintiff who seeks redress for the Defendant's violations of his rights under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. and for violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §105 et seq..

*2.* Plaintiff also pleads the claims as an FLSA Collective.

*3.* Plaintiff was employed by the Defendant.

1

4. Plaintiff was misclassified, in that Plaintiff was paid a salary, but should not have been paid a salary; thus is owed overtime wages.

5. Plaintiff worked hundreds of hours of overtime each year, for each year Plaintiff worked for Defendants, yet Plaintiff was not paid for those work hours at an overtime rate of pay.

6. Upon information and belief, **Isola Imports, Inc.,**., is a private domestic corporation with its operations in Chicago, Illinois.

7. Defendant is an importer of foods from the country of Italy and a reseller of those foods to stores, restaurants and the public in Chicago Illinois.

## JURISDICTION AND VENUE

8. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and 28 U.S.C. § 1367. The Court has personal jurisdiction over Defendant pursuant to Federal Rule 4 (k)(1), in that Defendant has sufficient contact with the state of Illinois as it conducted business within the state. *See* 735 ILCS 5/2-209.

9. Defendant's operations exceed sales of $500,000.00.

10. Defendant, is an enterprise that regularly and recurrently have at least two employees engaged in commerce.

11. Courts have found this element satisfied where employees "merely handled supplies or equipment that originated out-of-state." **Rodriguez v. Almighty Cleaning, Inc**., 784 F.Supp.2d 114, 354*354 120 (E.D.N.Y.2011). Enterprise coverage "applies so long as some of the employees wear uniforms or use items such as radios, books, flashlights,

clipboards, brooms, bags, and cleaning supplies that have moved in interstate commerce." **Archie v. Grand Cent. P'ship,** 997 F.Supp. 504, 531-32 (S.D.N.Y.1998) (listing cases)).

12. Here Plaintiff used numerous items that moved in interstate commerce specifically Plaintiff handled food items, imported from Italy and distributed and sold in Illinois.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## **GENERAL ALLEGATIONS**

14. This lawsuit arises out of Defendant's practice of knowingly and willfully misclassifying Plaintiff (and FLSA Collective) as a salaried employee or Exempt Employee and for failing to pay overtime wages for overtime work hours for those weeks when he worked more than 40 hours in a particular week.

15. At all times relevant, Defendant classified Plaintiff as an exempt employee of the Defendant.

16. Plaintiff was employed by the Defendant for over a decade until the spring of 2022.

17. Plaintiff pleads his claims as follows:
    a. Under the FLSA for two years from filing to this Complaint
    b. Under the FLSA for three years as Defendants actions were willful.
    c. Under the IWML for three years as permitted by statute.

18. At all times relevant, ISOLA was an employer, as defined by the FLSA and Illinois state law.

19. Defendant ISOLA is engaged in interstate commerce as that term is used in the FLSA.

20. During the course of employment with Plaintiff was misclassified as he was or should have been paid as a non-exempt employee and paid overtime wages.

21. During the course of his employment with Defendant, the Plaintiff routinely worked in excess of 40 hours per week.

22. Plaintiff is entitled to actual and liquidated damages for Defendant's actions.

23. Plaintiff's job duties and responsibilities were overwhelmingly menial tasks, mostly involving warehouse work (picking) and delivery of food items to customers.

24. Plaintiff's primary duty was "manual work" 100% of his work time and/or the vast majority of his work time.

25. Defendant is required to fulfill all provisions of an exempt classification, and in this case Defendant failed to satisfy all of the aspects of those requirements.

26. The US DOL regulations that govern salary exemption are Part 541.

27. Under regulation 541, the salary exemption for executive employees is Section 541.100, which includes the following requirement, that the salaried employee : "primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision"

28. Here the Plaintiff's "primary duty" is not management of the enterprise, rather Plaintiff's primary duty are non-managerial.

29. Likewise under the IMWL Defendant classified Plaintiff as an "exempt".

30. Under the IMWL Plaintiff, like the FLSA, Plaintiff did not perform duties which would qualify Plaintiffs as "exempt" employees pursuant to **820 ILCS 105/4a**.

31. Defendant derived benefits by classifying Plaintiff as "exempt" employees in that they failed to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) hours

per pay period. Nor did the misclassified Plaintiff receive adequate employer contributions for FICA and other employer payroll taxes.

32. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

33. Further Plaintiff had no supervisory duties.

34. Plaintiff did not hire, fire, promote, demote or otherwise effect the employment of any employee.

35. If Plaintiff had any managerial duties, which he denies he had, Plaintiff's non-managerial job responsibilities and workload overwhelmed any executive, administrative or strategic duties and thereby do not constitute an exempt class of employees.

36. Plaintiff did not qualify for professional capacity exemption.

37. Plaintiff did not have independent, discretionary authority to matters of significance.

38. Plaintiff asserts demand for payment of overtime wages.

39. Plaintiff asserts a claim for payment of "off the clock work time" as he drove to make deliveries after he had ended for the day, before being allowed to commute to his home.

40. Plaintiff asserts a claim for unpaid mileage, as he was ordered/compelled to use his own car and rarely paid for the mileage as required by FLSA and the IMWL.

41. Plaintiff also alleges that Defendant failed to maintain his time records, in violation of wage regulations that require time records to be maintained, even if an employer claims an "Exempt" classification.

## COLLECTIVE ALLEGATIONS

42. Plaintiff also pleads that Defendant misclassified other non-managerial employees as being "Salaried" and thus those persons are similarly situated to Plaintiff.

43. Plaintiff pleads that Defendant classified other warehouse persons, (other "pickers" and/or drivers) as salaried employees, and those salary classifications were improper as the warehouse workers, like the Plaintiff, had no Exempt job duties.

44. Further Plaintiff is aware that Defendant has "kitchen" workers, who likewise are classified as "salaried" employees while they have no Exempt job duties.

45. Plaintiff bring claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of Defendant who were, are, or will be employed by Defendant during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, and who assert any of the following claims:

    a. Were misclassified as "salaried" by Defendants

    b. not paid time and half for overtime work

46. FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff, since the FLSA claims of the Plaintiff is similar to the FLSA claims of all misclassified employees.

47. Defendant is liable for improperly compensating Plaintiff and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are a number similarly situated current and former employees of Defendant who have been denied the overtime premium FLSA due to their similar misclassification as "Salarired". These

current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

48. Plaintiff and all other members of the proposed collective have suffered injury, incurred damages and significant financial loss as a result of Defendant's conduct complained of herein.

49. Plaintiff brings claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated employees improperly classified as salaried at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    (A)    minimum wages for the first forty (40) hours worked each week;

    (B)    overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week;

    (C)    improper and/or insufficient taxation effects due to the misclassification, such as employees paying higher rates of taxes and/or Defendant not paying sufficient taxes.

    (D)    liquidated damages and attorney's fees for the same

50. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

51. The names and physical and mailing addresses of the FLSA collective action Plaintiff is available from Defendant, and notice should be provided to the FLSA collective action Plaintiff via first class mail to their last known physical and mailing addresses as soon as possible.

52. Notice of the right to join this lawsuit should be posted conspicuously at Defendant's business in a manner consistent with the orders of this Court

53. Plaintiff assert that other current and former persons are similarly situated in that they are and/or were subject to Defendant's same and continuing policy and practice of intentionally misclassifying persons, and were not paid the minimum and overtime wages required under the FLSA

54. Plaintiff and collective have the same primary work duties, warehouse duties and delivery duties and/or are subject to the same policy and procedure of classifying all persons as salaried to avoid overtime payments.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

55. Plaintiff re-alleges and incorporates by reference all the above allegations.

56. Under the FLSA, the Plaintiff was entitled to be paid overtime for all hours worked over 40 in a given work week.

57. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all nondiscretionary compensation paid to employees.

58. Defendant failed to compensate the Plaintiff at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA.

59. Defendant's violation of the FLSA for failure to pay the Plaintiff overtime wages was willful and deliberate.

60. Upon information and belief, Defendant's practices as described above were not approved in writing by the United States Department of Labor.

61. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor.

62. Due to Defendant's violation of the FLSA, the Plaintiff is entitled to recover from Defendant his unpaid compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAILURE TO PAY OVERTIME UNDER ILLINIOS LAW

63. Plaintiff repeats and re-alleges the above paragraphs.

64. Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty per week. Illinois Minimum Wage Law, 820 ILCS §105/4a *et. seq.*

65. Defendant failed to pay the Plaintiff for overtime hours worked.

66. The foregoing actions of Defendant constitute violations of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.* Defendant's actions were willful and not in good faith.

67. Defendant is liable to the Plaintiff for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq*.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

a. Certification of and notice to the proposed collective class;

b. Award all actual damages suffered by the Plaintiff;

b. Enter an order declaring that Defendant willfully violated the overtime provisions of the FLSA and the IMWA;

c. Award the Plaintiff damages in the amount of overtime wages required by the FLSA and the IMWA improperly denied him by Defendant's actions;

d. Award the Plaintiff liquidated damages equal to Plaintiff's unpaid overtime compensation under the FLSA;

e. Award the Plaintiff punitive damages;

f. Award the Plaintiff prejudgment interest pursuant to the IMWA;

g. Award the Plaintiff post-judgment interest;

h. Award the Plaintiff reasonable attorneys' fees as well as the costs of this action;

i. Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

a. action; and

b. Such other relief as this Court shall deem just and proper.

**<u>JURY TRIAL DEMANDED</u>**

Dated: May 6, 2022	Respectfully submitted,

                                            ____/S/John C. Ireland

John Ireland
THE LAW OFFICE OF JOHN C. IRELAND
636 Spruce Street
South Elgin, IL 60177
Telephone: (630) 464-9675
Facsimile 630-206-0889
attorneyireland@gmail.com